RICK BERGSTROM (CA SBN 169594)
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California 92130-2040
Telephone: 858-720-5100
Facsimile: 858-720-5125
RBergstrom@mofo.com

Attorneys for Defendant
MCDONALD'S CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS KOHLER,<br><br>Plaintiffs,<br><br>v.<br><br>ARTHUR SANDOVAL ENTERPRISES, INC. dba McDONALD'S #5244; McDONALD'S CORPORATION; ROBERT D. CARROLL, TRUSTEE of the GLORIA E. CARROLL TRUST UDT DATED JUNE 1, 1995; STANLEY G. CARROLL; GLORIA E. CARROLL,<br><br>Defendants. | Case No. 07 CV 2143 L (LSP)<br><br>**ANSWER BY DEFENDANT MCDONALD'S CORPORATION TO PLAINTIFF'S COMPLAINT** |

Defendant McDonald's Corporation ("Defendant"), for itself alone, answers the allegations of Plaintiff Chris Kohler's ("Plaintiff") Complaint (the "Complaint") as follows:

**I.**

**SUMMARY**

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 and 2 of the Complaint, and on that basis denies said allegations.

## II.

## JURISDICTION

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 3 through 5 of the Complaint, and on that basis denies said allegations.

## III.

## VENUE

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and on that basis denies said allegations.

## IV.

## PARTIES

4. In response to paragraph 7 of the Complaint, Defendant admits only that it is a corporation duly authorized to exist and operate within the State of California and County of San Diego. Defendant denies all other allegations therein not expressly admitted.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and on that basis denies said allegations.

## V.

## FACTS

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 9 through 15 of the Complaint, and on that basis denies said allegations.

## VI.

## FIRST CLAIM

7. In response to paragraph 16 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 15.

8. In response to paragraphs 17 through 32 of the Complaint, Defendant denies each and every allegation contained therein, including denial of all sums and amounts alleged, to be alleged, or otherwise.

**VII.**

**SECOND CLAIM**

9. In response to paragraph 33 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 32.

10. In response to paragraphs 34 through 39 of the Complaint, Defendant denies each and every allegation contained therein, including denial of all sums and amounts alleged, to be alleged, or otherwise.

**VIII.**

**THIRD CLAIM**

11. In response to paragraph 40 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 39.

12. In response to paragraphs 41 through 47 of the Complaint, Defendant denies each and every allegation contained therein, including denial of all sums and amounts alleged, to be alleged, or otherwise.

**IX.**

**FOURTH CLAIM**

13. In response to paragraph 48 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1 through 47.

14. In response to paragraphs 49 through 52 of the Complaint, Defendant denies each and every allegation contained therein, including denial of all sums and amounts alleged, to be alleged, or otherwise.

**AFFIRMATIVE DEFENSES**

Defendant asserts the following separate and affirmative defenses to the Complaint:

**FIRST AFFIRMATIVE DEFENSE**

As an affirmative defense to each and every allegation contained in the Complaint, Defendant alleges that it complied fully with applicable laws and regulations because Defendant has adopted proper policies and procedures pursuant to the ADA and applicable California laws.

**SECOND AFFIRMATIVE DEFENSE**

As an affirmative defense to each and every allegation contained in the Complaint, Defendant alleges that its conduct was privileged and/or justified because it was undertaken pursuant to the terms of the applicable laws and regulations.

**THIRD AFFIRMATIVE DEFENSE**

As an affirmative defense to each and every allegation contained in the Complaint, Defendant alleges that any injury or damage sustained by Plaintiff was directly caused by and/or attributable to the carelessness and/or negligence and/or wrongful acts of Plaintiff and/or third parties about whom Defendant had no knowledge and over whom Defendant exercised neither direction nor control. Plaintiff is thereby precluded from securing any relief from Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

As an affirmative defense to each and every allegation contained in the Complaint, Defendant alleges that should the trier of fact determine that Defendant is in any way liable to Plaintiff, which Defendant expressly and equivocally denies, any damages that Plaintiff might otherwise be entitled to recover against Defendant, if any, must be reduced by the amount of damages attributable to the carelessness, negligence, or wrongful acts of Plaintiff and/or third parties about whom Defendant had no knowledge and/or whom Defendant exercised neither direction nor control.

**FIFTH AFFIRMATIVE DEFENSE**

As an affirmative defense to each and every allegation contained in the Complaint, Defendant alleges on information and belief that Plaintiff has failed to mitigate Plaintiff's damages, if any.

**SIXTH AFFIRMATIVE DEFENSE**

As an affirmative defense to each and every allegation contained in the Complaint, Defendant alleges that Plaintiff is barred by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

As an affirmative defense to each and every allegation contained in the Complaint, Defendant alleges on information and belief that as a consequence of conduct of or attributable to Plaintiff in connection with the alleged incident that is the subject of this litigation, Plaintiff waived any right to secure relief from Defendant and/or is estopped from securing any relief from Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

As an affirmative defense to each and every allegation contained in the Complaint, Defendant alleges that, at all times, it has acted reasonably, in good faith, and in a nondiscriminatory manner.

**NINTH AFFIRMATIVE DEFENSE**

As an affirmative defense to each and every allegation contained in the Complaint, Defendant alleges that its alleged actions with regard to Plaintiff were conducted without fraud, oppression, or malice for Plaintiff or Plaintiff's rights, thereby precluding any and all claims for punitive damages.

**TENTH AFFIRMATIVE DEFENSE**

As an affirmative defense to each and every allegation contained in the Complaint, Defendant alleges that to the extent the events complained of occurred more than one year prior to the filing of the Complaint, such claims are barred by California Code of Civil Procedure sections 340(1) and 340(3); to the extent the events complained of occurred more than three years prior to the filing of the Complaint, such claims are barred by California Code of Civil Procedure section 338(a); to the extent the events complained of occurred more than four years prior to the filing of the Complaint, such claims are barred by California Code of Civil Procedure section 343; and such claims are barred by the applicable statute of limitations under federal law.

**ELEVENTH AFFIRMATIVE DEFENSE**

As an affirmative defense to each and every allegation contained in the Complaint, Defendant alleges that removal of any physical barriers, to the extent that any exist, is not readily achievable.

**TWELFTH AFFIRMATIVE DEFENSE**

As an affirmative defense to each and every allegation contained in the Complaint, Defendant alleges that removal of any physical barriers, to the extent that any exist, is structurally impracticable.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As an affirmative defense to each and every allegation contained in the Complaint, Defendant alleges that Plaintiff lacks standing to assert the claims alleged in the Complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As an affirmative defense to each and every allegation contained in the Complaint, Defendant alleges that Plaintiff cannot establish Defendant engaged in intentional misconduct.

**FIFTEENTH AFFIRMATIVE DEFENSE**

As an affirmative defense to each and every allegation contained in the Complaint, Defendant alleges that Plaintiff has failed to properly elect between remedies available under the California Unruh Civil Rights Act and the California Disabled Persons Act.

**SIXTEENTH AFFIRMATIVE DEFENSE**

As an affirmative defense to each and every allegation contained in the Complaint, Defendant alleges that no construction, alteration, repair, or modification of the facility at issue is required by state and/or federal law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

As an affirmative defense to each and every allegation contained in the Complaint, Defendant alleges that Plaintiff went to the facility at issue solely to create a cause of action for herself and her attorney, and not to take advantage of the services provided at the facility. As such, Plaintiff was not denied equal access to the services at the facility.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

As an affirmative defense to each and every allegation contained in the Complaint, Defendant alleges that Plaintiff did not attempt to access the facility and was not denied any access based on alleged "architectural barriers."

**NINETEENTH AFFIRMATIVE DEFENSE**

As an affirmative defense to each and every allegation contained in the Complaint, Defendant alleges that reasonable alternative means of use, ingress, and egress were available to Plaintiff if there were any "architectural barriers" as alleged, and thus, Plaintiff was not denied equal access.

**TWENTIETH AFFIRMATIVE DEFENSE**

As an affirmative defense to each and every allegation contained in the Complaint, Defendant was not provided with notice of the allegedly non-compliant conditions at any time prior to the filing and service of this lawsuit. Thus, Defendant had no opportunity to investigate and/or remediate any allegedly non-compliant conditions.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

As an affirmative defense to each and every allegation contained in the Complaint, Defendant alleges on information and belief that Plaintiff's claims for damages in the Complaint are barred in that any relief, whether legal or equitable, is barred by the doctrine of unclean hands.

**TWENTY SECOND AFFIRMATIVE DEFENSE**

As an affirmative defense to each and every allegation contained in the Complaint, Defendant alleges on information and belief that Plaintiff's claims for damages in the Complaint are barred because Defendant did not have actual or constructive notice of the purported conditions causing alleged injuries, loss, damages, or violation.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays:

1. That Plaintiff take nothing from Defendant;

2. That the Court enter judgment dismissing with prejudice the Complaint and each of its purported causes of action;

3. That the Court award Defendant its reasonable expenses and costs of suit, including, but not limited to, reasonable attorneys fees; and

4. That the Court grant Defendant such other further relief as the Court may deem proper.

Dated: January 8, 2008

MORRISON & FOERSTER

s/Rick Bergstrom____________________
Attorneys for Defendant
McDonald's Corporation
E-mail: Rbergstrom@mofo.com